UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Wayne Bell, #339896, | ) | C/A No.: 5:12-cv-03492-RMG-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Edsel Taylor, Warden, MacDougall Corr. Institution, | ) ) ) | |
| Respondent. | ) | |

Petitioner Wayne Bell ("Petitioner" or "Bell") is a state prisoner who filed this pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 21, 22. On April 17, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 23. Petitioner filed a response in opposition to Respondent's Motion for Summary Judgment on May 20, 2013. ECF No. 26. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 21, be granted.

I.      Background

Petitioner is currently incarcerated in the MacDougall Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In February 2010, Petitioner was indicted by an Aiken County Grand Jury for criminal domestic violence of a high and aggravated nature,

kidnapping, resisting arrest, and assault with intent to kill. App. 86-93.[1]  On March 16, 2010, Petitioner entered an *Alford*[2] plea with a negotiated sentence to assault with intent to kill, resisting arrest, kidnapping, and criminal domestic violence of a high an aggravated nature before the Honorable Doyet A. Early, III.  App.  4-14. Attorney Wallis A. Alves represented Petitioner, and Assistant Solicitor Susanna Ringler appeared on behalf of the State. App. 1. Petitioner was sentenced to ten years imprisonment on each charge, to run concurrent. App. 21.

II.     Procedural History

Petitioner filed a Notice of Intent to Appeal that was dismissed on May 21, 2010.  ECF Nos. 22-2, 22-3.  The Remittitur was issued on June 8, 2010.  ECF No. 22-4.  On July 28, 2010, Petitioner filed an Application for Post-Conviction Relief ("PCR") alleging ineffective assistance of counsel and involuntary guilty plea.  App. 28-37.  On December 16, 2010, the State filed a Return and requested an evidentiary hearing on Petitioner's ineffective assistance of counsel and involuntary guilty plea claims.  App. 39-43.  Petitioner filed an Amended Application for Post-Conviction Relief on January 28, 2011.  App. 45.  On July 14, 2011, an evidentiary hearing was conducted before the Honorable James R. Barber, III.  App. 47.   Petitioner was present and represented by Dorothy Holley Hogg, Esq.; Assistant Attorney General Rob D. Corney represented the State.  *Id*.  Petitioner and his trial attorney, Wallis A. Alves, testified at the hearing.  App. 51-77.

In an Order dated August 17, 2011, and filed August 26, 2011, the PCR court denied Petitioner's PCR Application in full, making the following findings of fact and conclusions of law:

---

[1] Citations to "App." refer to the Appendix for Petitioner's appeal of his judgment of conviction. That appendix is available at ECF 22-1 in this habeas matter.

[2] *North Carolina v. Alford*, 400 U.S. 25 (1970).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has had the opportunity to review the record in its entirety and has heard the testimony at the post-conviction relief hearing. This Court has further had the opportunity to observe the witnesses presented at the hearing, closely pass upon their credibility and weigh their testimony accordingly. Set forth below are the relevant findings of facts and conclusions of law as required pursuant to S.C. Code Ann. § 17-27-80 (1985).

In a post-conviction relief action, the Applicant has the burden of proving the allegations in the application. Rule 11.1(e), SCRCP; Butler v. State, 286 S.C. 441, 134 S.E.2d 813 (1985). Where ineffective assistance of counsel is alleged as a ground for relief, the Applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692 (l984); Butler, 286 S.C. 441, 334 S.E.2d 813 (1985).

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Butler, 286 S.C. 441, 334 S.E.24 813 (1985). The Applicant must overcome this presumption to receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989).

Courts use a two-pronged test in evaluating allegations of ineffective assistance of counsel. First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Cherry, 300 S.C. at 117, 385 S.E.2d at 625 (citing Strickland). Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625.

With respect to guilty plea counsel, the Applicant must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. In PCR cases, a defendant asserting a constitutional violation must frame the issue as one of ineffective assistance of counsel. Al-Shabazz v. State, 338 S.C. 354, 527 S.E.2d 742 (1999). A defendant who pleads guilty on the advice of counsel may collaterally attack the plea only by showing that (l) counsel was ineffective and (2) there is a reasonable probability that but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial. Roscoe v. State, 345 S.C. 16, 546 S.E.2d 417 (2001). A defendant alleging that his guilty plea was induced by ineffective assistance of counsel must prove that counsel's advice was not "within the competence demanded of attorneys in criminal cases." Hill v.

3

Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 369 (1985). A guilty plea is a solemn, judicial admission of the truth of the charges against the defendant. Statements made during the plea should be considered conclusive unless the defendant presents reasons why he should be allowed to depart from the truth of those statements. Crawford v. U.S., 519 F.2d 347 (4th Cir. 1975); Edmonds v. Lewis, 546 F.2d 566 (4th Cir. 1976).

*Ineffective Assistance of Counsel*

Applicant alleges counsel provided ineffective assistance where Applicant entered a plea different than what the State had originally offered. At the PCR hearing Applicant testified he had received a letter from the Public Defender's office dated March 4, 2010, in which a paralegal from counsel's office informed Applicant that the state had offered a plea deal in his case where he could plea to Resisting Arrest and two (2) counts of Criminal Domestic Violence of a High and Aggravated Nature. In return, the state would dismiss the kidnapping, malicious injury to personal property and unlawful possession of a firearm charges but would not recommend any particular sentence. Applicant then said he spoke to counsel on March 15, 2010, but at no time did counsel address the plea offer and whether Applicant wanted to accept it. Applicant went on to say that on the morning he was scheduled to go to court, he asked about taking the plea deal and entered his plea on that day not knowing he was pleading to kidnapping.

Counsel testified that she recalled receiving the plea offer from the solicitor's office in early March, but Applicant firmly rejected that plea offer until after the deadline to take it had passed. Counsel stated Applicant had maintained throughout their meetings that he was innocent and wanted to proceed to trial. For that reason, she was entirely prepared to go to trial. After jury selection, Applicant asked counsel to request a plea offer. Counsel testified at the PCR that the new plea offer given by the state was much worse than the original one offered earlier, but after discussing it thoroughly with Applicant and Applicant's mother, Applicant decided to take it. Counsel testified that Applicant certainly knew the plea was for kidnapping. Counsel finished her testimony by stating that Applicant knew full well that he was pleading to kidnapping and knew the original early March plea offer was revoked, as counsel discussed all of that with Applicant before he entered the plea.

Based on the facts and evidence presented at the hearing, this court finds Applicant failed to prove by a preponderance of the evidence that his trial counsel was ineffective either at the trial or during the plea. Further, this court finds counsel's testimony to be credible and Applicant's testimony to not be credible. Counsel advised Applicant of all relevant issues regarding the charges he was facing, including his constitutional rights, the facts giving rise to the charges, the potential sentences he was facing. The reason Applicant did not receive the plea offer originally extended to him was that he waited until into the trial to plead guilty, at which time the solicitor's offer had expired. Counsel gave Applicant all

the information and advice to make an intelligent and voluntary decision on whether to enter this plea, and therefore his guilty plea was entered knowingly and voluntarily after being fully and adequately advised by competent counsel acting within the range of competence demanded of attorneys in criminal cases.

*Failure to Investigate*

Applicant also alleges counsel was ineffective because she failed to properly investigate his case. At the PCR hearing, Applicant alleged counsel did not properly investigate the facts leading to the charges he was facing, including the fact that the police officer involved had later been fired, the ballistics of the gun fired and fingerprint evidence. Counsel testified she met with Applicant numerous times to discuss his case during which they went over Applicant's version of the facts, the charges he was facing, potential sentences, and the state's evidence against him, including audio/video tapes of the incident. Counsel stated she hired an investigator to look into the case who spoke with the victim in this case and her daughter, as well as with the chief of police who had been present during Applicant's arrest. Counsel did not recall requesting any fingerprint analysis be done on the case, however.

Based on the testimony and evidence given at the PCR hearing, I find counsel conducted a sufficient investigation into Applicant's case to provide competent and informed representation. Further, as no evidence has been produced to show what effect, if any, further investigation would have produced, Applicant has failed to prove prejudice from any alleged ineffectiveness. "Failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to the result." Moorehead v. State, 329 S.C. 329, 334, 496 S.E. 2d 415, 417 (1998).

As discussed above, the Applicant has failed to carry his burden in this action. Therefore, this Court finds that the application must be denied and dismissed in its entirety.

## CONCLUSION

Based on all the foregoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this court to grant his application. Therefore, this application for Post Conviction Relief must be denied and dismissed with prejudice.

Except as discussed above, this Court finds that the Applicant failed to raise all additional allegations raised in his application at the hearing and has, thereby, waived them. A waiver is a voluntary and intentional abandonment or relinquishment of a known right. Janasik v. Fairway Oaks Villas Horizontal Property Regime, 307 S.C. 339, 415 S.E.2d 384 (1992). A waiver may be express or implied. "An implied waiver results from acts and conduct of the party against

5

> whom the doctrine is invoked from which an intentional relinquishment of a right is reasonably inferable." Lyles v. BMI, Inc., 292 S.C. 153, 158-59, 355 S.E.2d 282 (Ct. App. 1987). The Applicant's failure to address these issues at the hearing indicates a voluntary and intentional relinquishment of his right to do so. Therefore any and all remaining allegations are denied and dismissed.

App. 79-84. Petitioner, represented by Elizabeth A. Franklin-Best, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, filed a *Johnson*[3] Petition for Writ of Certiorari, dated April 6, 2012. ECF No. 22-5. The sole issue presented, quoted verbatim, was:

1. Whether the PCR judge erred when he found that petitioner received effective assistance of counsel when petitioner's attorney allowed him to plead guilty to these offenses when he consistently denied the factual basis for the plea?

*Id.* at 3. Petitioner filed a pro se brief dated May 16, 2012. ECF No. 22-8. In an Order dated November 14, 2012, the South Carolina Supreme Court, pursuant to *Johnson v. State*, denied the Petition for certiorari and granted counsel's request to withdraw. ECF No. 22-9. The Remittitur issued on December 3, 2012. ECF No. 22-10. This habeas petition followed on December 12, 2012.

   III.   Discussion

       A.  Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus, quoted verbatim:

> GROUND ONE: My conviction and sentence are unlawful, and in violation of my 6th and 14th amendment rights to the effective assistance of counsel, in that my attorney did not advise me of the State's plea offer.
>
> Supporting facts: My attorney's office forwarded me a plea offer from the state, in which I was offered to drop a kidnapping charge, illegal possession of a firearm, and malicious injury to property charge, in exchange for my plea to two counts of criminal domestic violence and resisting arrest. However, I received the

---

[3] *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

> plea offer in the mail on a Friday afternoon, and my attorney never came to inquire whether or not I would accept the plea. I tried on several occasions to call my attorney to discuss the plea offer, but she was never in the office. When I my attorney finally came to see me on March 10, 2010, she stated that I should just ignore the plea offer. She did not tell me the plea offer had expired. My attorney grew angry that her office had sent me the plea offer in the mail.
>
> GROUND TWO: My conviction and sentence are unlawful, and in violation of my 6th and 14th amendment rights to the effective assistance of counsel, in that my attorney failed to withdraw my guilty plea when I repeatedly stated that I did not agree with the State's recitation of the facts.
>
> Supporting facts: During my guilty plea, I repeatedly stated to the court that I did not agree with the facts as stated by the prosecutor. However, my attorney did not object to the misstated facts, or withdraw my guilty plea pending correction of the misstated facts.

ECF No. 1 at 5-8.

### B. Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See*

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

   C.  Habeas Corpus Standard of Review

     1.  Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410. Moreover, state court

factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

    2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id*. The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

    a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

>   (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South

10

Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

                b.        Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996).

       3.     Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external

factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id*. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### D. Analysis

#### 1. Procedurally-Barred Grounds

Respondent contends that Ground Two (failure of trial counsel to withdraw guilty plea) of Petitioner's habeas petition is procedurally barred to the extent it was not raised to the PCR judge and was not available for review on appeal. ECF No. 22 at 10. Petitioner contends that Ground Two is not procedurally defaulted as it was raised during his testimony at the PCR hearing, and presented to South Carolina appellate courts through Petitioner's Petition for Writ of Certiorari. ECF No. 26 at 2-3.

The undersigned has reviewed Petitioner's PCR application and the transcript of the PCR hearing and observes that although Ground Two was raised in Petitioner's application, *see* ECF No. 22-1 at 37, this argument was not presented to the PCR court during the PCR hearing. *See* App. 50-66. The undersigned has also reviewed the PCR court's Order of Dismissal and finds that Petitioner's claims concerning trial counsel's failure to withdraw his guilty plea was not ruled on by the PCR court. Therefore, this issue is procedurally barred from federal habeas review. *See Plyler v. State*, 424 S.E.2d 477, 478 (S.C. 1992) (holding that an issue that was neither raised at the PCR hearing nor ruled upon by the PCR court is procedurally barred).

Accordingly, Petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the grounds delineated as Ground Two in his habeas petition.

Petitioner may, nonetheless, overcome procedural defaults and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review. *See Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996). Petitioner, however, has failed to allege or show any cause and prejudice, or actual innocence to excuse the default. Thus, his claims are procedurally barred from consideration by this court and should be dismissed. The undersigned therefore recommends that the Respondent's Motion for Summary Judgment be granted as to Ground Two.[4]

### 2. Merits

Petitioner argues that his guilty plea was involuntary because his attorney did not advise him of the State's plea offer "to drop a kidnapping charge, illegal possession of a firearm, and malicious injury to property charge, in exchange for [Petitioner's] plea to two counts of criminal domestic violence and resisting arrest." ECF No. 1 at 5. Petitioner argues that he tried "on several occasions to call [his] attorney to discuss the plea offer, but she was never in the office" and that by the time his attorney came to see him the plea offer had expired. *Id.* Petitioner contends that he "was never allowed a fair opportunity to accept or reject the State's plea offer" and that his trial counsel "demonstrated ineffective assistance of counsel when she failed to timely inform the Petitioner of the State's plea offer, and then failed to correct the Petitioner's assumptions regarding the second plea offer." ECF No. 26 at 7-8. Respondent argues that the PCR judge properly rejected Petitioner's arguments that his plea was involuntary and argues that

---

[4] The Fourth Circuit has stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Accordingly, the undersigned will not discuss the merits.

"nothing in this action shows deficient performance by counsel in regard to the communication of the plea, and advice on the plea offer." ECF No. 22 at 15-17. Respondent contends that the "record supports the PCR judge reasonably applied the *Strickland* test to the facts of the record" and Petitioner is therefore not entitled to relief. *Id.* at 17.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of a guilty plea, ineffective assistance of counsel claims may be asserted in limited circumstances. In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

At the PCR hearing, Petitioner testified that he received a letter from his trial counsel on March 5, 2010 that indicated that the State would drop the kidnapping, malicious injury to personal property, and unlawful possession of a firearm charges. App. 53-54. Petitioner testified that he wanted to accept this plea offer and that he attempted to contact his attorney several times

15

to let her know that.  App. 54.  Petitioner contends that he was not able to speak with his attorney until March 15, 2010, and she told that the plea offer was "no good" and that Petitioner should disregard the March 5 letter because he was not "supposed to receive" it.  *Id.*

Trial counsel testified about an earlier plea offer that was "a lot better plea offer [than what] was made prior to trial."  App. 69.  Trial counsel testified that she discussed this plea with Petitioner but "[h]e didn't want it.  He said, no, he wasn't pleading to anything . . . [He] felt that he hadn't done anything wrong and he didn't want to plead to anything."  *Id.* at 70-71.  Trial counsel testified that she told Petitioner about the plea offer in person and also sent him a letter. *Id.* at 71.    Trial counsel testified that the earlier plea offer was not available when they began Petitioner's trial.  Tr. 75.

Following jury selection, Petitioner informed his trial counsel that he wanted to enter a plea and inquired whether the March 5 plea offer was still available.  App.  69.  His trial counsel spoke with the Solicitor who responded with a new plea offer that "was substantially worse than the original plea offer because [it] involved the kidnapping charge for 85 percent no parole." App. 70.  Trial counsel and Petitioner discussed the new plea and Petitioner "decided to take the plea offer."  *Id.*  Petitioner entered an *Alford* plea to assault with intent to kill, resisting arrest, kidnapping, and criminal domestic violence of a high an aggravated nature and was sentenced to ten years imprisonment. App. 4-21.

The PCR court evaluated Petitioner's and his trial counsel's testimony and found trial counsel's testimony was credible and the Petitioner's testimony was not. App. 82. This determination is entitled to deference by this court. *Wilson v. Ozmint*, 352 F.3d 847, 858 (4th Cir. 2003).  "[F]ederal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."  *Marshall v. Lonberger*,

459 U.S. 422, 434 (1983); *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008). The PCR court further found that based on the transcripts and trial counsel's testimony that "the reason [Petitioner] did not receive the plea offer originally extended to him was that he waited until into the trial to plead guilty, at which time the solicitor's offer had expired." App. 82. The PCR court denied Petitioner's ineffective assistance of counsel claim finding that trial counsel gave Petitioner

> all the information and advice to make an intelligent and voluntary decision on whether to enter this plea, and therefore, his guilty plea was entered knowingly and voluntarily after being fully and adequately advised by competent counsel acting within the range of competence demanded of attorneys in criminal cases.

App. 82. The undersigned finds that the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of *Hill* and *Strickland* and was not based upon an unreasonable determination of facts in light of the state court record. Nor was the PCR court's decision "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); *Williams v. Taylor,* 529 U.S. 362, 386 (2000). Thus, the undersigned recommends that the Respondent's motion for summary judgment be granted as to Ground One.

    IV.    Conclusion

For the foregoing reasons, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 21, be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

September 23, 2013                                       Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**