IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Wayne Bell, #339896,  )
                               ) No. 5:12-cv-3492-RMG
             Petitioner,  )
                               )
v.  )
                               ) **ORDER**
Edsel Taylor, Warden, MacDougall Corr. )
Institution,  )
                               )
             Respondent.  )
_____ )

This matter comes before the Court on the Report and Recommendation of the Magistrate Judge ("R&R") recommending that this Court grant Respondent's motion for summary judgment. (Dkt. No. 28). For the reasons set forth below, the Court agrees with and wholly adopts the R&R as the order of the Court.

## Background

Petitioner Wayne Bell ("Petitioner") is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) DSC, this matter was automatically referred to a Magistrate Judge for pretrial handling. On April 16, 2013, Respondent filed a motion for summary judgment. (Dkt. No. 21). Petitioner then filed a response in opposition to the motion. (Dkt. No. 26). The Magistrate Judge then issued the present R&R recommending the Court grant Respondent's motion. (Dkt. No. 28). Petitioner then filed timely objections to the R&R. (Dkt. No. 31).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making

a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct" and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). First, the Petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 688. Second, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." *Id.* at 694. Review by this Court of "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

## Law/Analysis

Petitioner raises two grounds for relief. First, Petitioner asserts that his trial counsel was ineffective because she did not advise him of a plea offer. Second, he asserts that his trial counsel was ineffective for not withdrawing his guilty plea when he repeatedly stated that he did not agree with the State's recitation of the facts. In her R&R, the Magistrate Judge determined that Petitioner was procedurally barred from raising the second ground and that the PCR court properly denied Petitioner's first ground. Petitioner objects to both findings of the Magistrate Judge.

Petitioner first argues that he is not procedurally barred because, contrary to the Magistrate Judge's finding, he did raise this argument at his PCR hearing. Petitioner points to testimony at his PCR hearing in which he states on cross-examination that he did not agree with the solicitor's recitation of the facts of his case. (App. 60). However, Petitioner never makes an argument at his PCR hearing regarding his attorney's failure to withdraw his guilty plea. Further, the PCR court did not address this ground in its order of dismissal. (App. 78-85). Accordingly, the Court agrees with the Magistrate Judge that Petitioner is procedurally barred from raising this ground on federal habeas review.[1]

---

[1] The Court also notes that Petitioner entered an *Alford* plea. *North Carolina v. Alford*, 400 U.S. 25 (1970). It is the nature of this type of guilty plea that a defendant does not agree with the facts as presented by the State but nevertheless agrees that the State could prove those facts beyond a reasonable doubt.

3

Petitioner next objects to the Magistrate Judge's finding as to his allegation that his trial counsel failed to inform him of a favorable plea offer. At his PCR hearing, Petitioner testified that he wanted to accept an offer which his lawyer's office mailed to him but that he was never able to contact his lawyer because she was not in the office. Trial counsel, however, testified that she had discussed the offer with Petitioner but that he refused to accept it and maintained his innocence. The PCR judge found trial counsel's testimony to be more credible. As noted by the Magistrate Judge, this finding is entitled to deference by this Court. *Wilson v. Ozmint*, 352 F.3d 847, 858 (4th Cir. 2003). After reviewing the record, the Court agrees with the Magistrate Judge that the PCR court's determination that Petitioner's trial counsel was not ineffective did not result in an unreasonable application of federal law and was not based on an unreasonable determination of the facts.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 28). Accordingly, the Court GRANTS Respondent's motion for summary judgment. (Dkt. No. 21).

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v.*

4

*Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 11, 2013
Charleston, South Carolina